FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 26 PM 1:35

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ESSEX INSURANCE COMPANY** | **CIVIL ACTION NO. 05-784** |
| *VERSUS* | |
| **BOURBON NITE-LIFE, LLC, BREVORT ENTERPRISES, LLC AND USON ENTERPRISES, LLC D/B/A RAZZOO, GAETANA FUOCO BELYEA EDIN, RAYAN KELLY, RYAN CURTIS, MAE JONES AND LEVON JONES, individually and on behalf of their deceased son, Levon Jones, and ANTHONY WILLIAMS, CLAYTON SPEARS, DULYMUS "DEUCE" McALLISTER, and JOSEPH SOBOL** | **SECTION "K"** <br><br><br><br><br><br> **MAGISTRATE (3)** |

### ANSWER OF DEFENDANT JOSEPH SOBOL TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INTERPLEADER AND INJUNCTIVE RELIEF

Defendant Joseph Sobol, appearing herein through his undersigned counsel, answers the First Amended Complaint for Declaratory Judgment, Interpleader and Injunctive Relief, filed by Essex Insurance Company on the 29th day of April, 2005, as follows:

I.

Defendant Joseph Sobol reasserts the allegations of the Answer made to Plaintiff's original Complaint for Declaratory Judgment.

II.

Defendant denies that this action arises under 28 U.S.C. § 1335 because plaintiff has an

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

available remedy at law which it has declined to use in the Louisiana Courts in which the actions have been filed and are pending against the plaintiff.

III.

Defendant Joseph Sobol admits the allegations of Paragraph III of the Amended Complaint.

IV.

Defendant Joseph Sobol admits the claims of all the defendants against its insureds under the policy cited are expected to exceed the $1,000,000.00 aggregate policy limits of the policy plaintiff issued to the defendant insureds.

V.

Defendant Joseph Sobol admits that plaintiff Essex faces multiple litigation in a different forum in the State courts, which litigation involves the same state, *viz.*, the aggregate limits insurance policy issued to the defendant insureds, but the record shows that on June 21, 2005, as reflected in Documents 17-19 on the Docket of this case, this Court denied injunctive relief and the allegations in this paragraph are thus moot.

VI.

Defendant Joseph Sobol admits that plaintiff Essex has denied coverage and all liability on the part of Razzoo for any of the allegations raised by the parties, but denies that there is any support in law or fact for the plaintiff insurer's actions in defendant Joseph Sobol's case in the State court.

VII.

Defendant Joseph Sobol admits that the policy limits on the policy plaintiff issued to the defendant insureds is $1,000,000.00 for the aggregate of all claims made during the policy period.

VIII.

Defendant Joseph Sobol denies that plaintiff has no adequate remedy in the State court by

which it may determine the respective interests of the defendants in the proceeds of the policy.

IX.

Defendant admits that plaintiff has filed a bond in the amount of $1,000,000.00 into the Registry of this Court, but asserts that bond is inadequate as it does not include the legal interest accrued while these cases were pending in the State Court.

X.

Defendant Joseph Sobol observes that this Court has already denied injunctive relief to the plaintiff and any response to Paragraph X of the First Amended Complaint would be moot.

XI.

Defendant Joseph Sobol admits the allegations as to the domiciles of the parties, the diversity of the Georgia and Louisiana complainants, and that the amount in controversy exceeds $500.00. Defendant denies that this action is appropriate under 28 U.S.C. §§ 1335m 1397 and 2361 because plaintiff has an adequate remedy to avoid double vexation and has shown no other prejudice it can perceive or conjure up to justify interpleading the defendants in this matter.

XII.

Defendant Joseph Sobol admits the legal proposition stated in Paragraph XII of the Amended Complaint.

WHEREFORE, defendant Joseph Sobol prays this Answer to Plaintiff's First Amended Complaint for Declaratory Judgment, Interpleader and Injunctive Relief be deemed good and sufficient, and that it, together with the answer to the original Complaint, after due proceedings had herein, be found to justify the dismissal of plaintiff's Complaint or such other relief as this Court deems appropriate in the premises.

Respectfully submitted,

_____

J. WAYNE MUMPHREY  (LSBA #9824)
WAYNE B. MUMPHREY  (LSBA #26437)
P.O. Box 90
9061 W. Judge Perez Drive
Chalmette, LA 70044-0090
Tel.: [504] 277-8989; Fax: [504] 279-0806

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Answer upon all counsel of record for all other parties and that all parties required to be served have been served this 26th day of July, 2005.

_____
Attorney at Law